UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO:  1:18-cv-150-GNS

ADAM UPCHURCH,                                                                                          PLAINTIFF.

vs.

CLINTON COUNTY BOARD OF EDUCATION,
by and through Charlotte Nasief, Clinton County School District Superintendent,

AND

CHARLOTTE NASIEF, individually and in her official capacity
as Superintendent of Clinton County School District;

AND

STACEY EVANS, individually and in her official capacity
as Principal of Clinton County High School;

AND

ANGELA SLOAN, individually and in her official capacity
as Principal of Clinton County Middle School                                      DEFENDANTS.

## COMPLAINT AND JURY DEMAND

Comes now the Plaintiff, Adam Upchurch (hereinafter, "Upchurch"), by and through Counsel, and for his Complaint and Jury Demand against the Defendants, Clinton County Board of Education and Stacey Evans ("Evans" and "Defendants"), and collectively with Upchurch as the "Parties"), states as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1. Adam Upchurch is an individual, who has a mailing address of Albany, Kentucky.

2. The Clinton County Board of Education is a body politic with corporate status pursuant to KRS 160.160(1) and further is a governmental body charged with the operation and oversight

of the Clinton County Schools with more than fifteen employees having its primary offices in Clinton County, Kentucky;

3. Defendant, Stacey Evans, is currently and was at all times relevant herein, Principal of the Clinton County High School and resides in Clinton County, Commonwealth of Kentucky;

4. Defendant, Angela Sloan, is currently and was at all times relevant herein, Principal of the Clinton County Middle School and resides in Clinton County, Commonwealth of Kentucky;

5. Defendant, Charlotte Nasief, is currently and was at all times relevant hereto, Superintendent of the Clinton County School District and resides in Clinton County, Commonwealth of Kentucky;

6. The within actions of said Defendants, and each of them, are based on individual liability and acts arising from the official capacity of each of them as agents of the Commonwealth of Kentucky and the Clinton County School District;

7. The injuries sustained by the Plaintiff and the conduct described hereinbelow by the Defendants occurred in the County of Clinton, Commonwealth of Kentucky from November 2017 until January, 2018;

8. This suit is brought and jurisdiction lies pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §12117;

9. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5(f)(3), have occurred or been complied with;

10. A charge of employment discrimination on the basis of disability was timely filed with the Equal Employment Opportunity Commission ("EEOC");

11. A notification of Right to Sue was received from the EEOC on July 20, 2018.

12. This complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue;

13. This action is also filed pursuant to the Kentucky Civil Rights Act, KRS §344, *et seq*. and the common law of Kentucky, arising from violations of Upchurch's rights secured by those statutes and said common law over which this court may exercise pendent jurisdiction, the basis of same being factually related to Upchurch's federal claims;

## **BACKGROUND, INTRODUCTION, AND NATURE OF THE CASE**

14. Upchurch restates, reiterates, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 13 above of his Complaint, as if fully set forth herein;

15. All allegations set forth in this complaint arise from the same transaction, occurrence, or series of transactions or occurrences, and involve questions of law or fact relating to numerous episodes of severe and pervasive discrimination, intimidation, and retribution;

16. Events precipitating the underlying action began when Upchurch, a teacher with nineteen (19) years of experience, was employed, at all times relevant to the allegations herein, as a school teacher at Clinton County Middle School;

17. At all times pertinent hereto, Upchurch ably and satisfactorily performed his job duties for the defendant school district;

18. During the time Upchurch was employed at Clinton County Middle School, co-worker(s), repeatedly demeaned Upchurch and made derogatory comments both implicitly and explicitly concerning his disability. Including derogatorily identifying his parking spot and creating a chair identified as "the throne" where Upchurch was expected to sit during

instructional time. Said conduct by employees was excused and condoned by Upchurch's superiors Evans, Sloan, and Nasief;

19. Upchurch repeatedly applied for positions for which he was qualified and was denied due to his disability. He was identified by the defendant(s) as being "too sickly" and vacancies were held open so that individuals other than Upchurch could apply;

20. Evans personally made comments to Upchurch regarding his disability being the direct cause for him not being hired for positions within the Clinton County High School;

21. Upchurch was not afforded reasonable accommodations for his medical condition;

22. Upchurch, was forced to work in what had become an exceedingly hostile, discriminatory, and intolerable work environment;

23. By the acts and omission alleged in this Complaint, the Defendants action under color of state law and local law has failed to protect Upchurch in the employment setting by subjecting Upchurch to harassment and failing to provide, and ensure that reasonable accommodations were followed, and ultimately depriving him of employment based on his disability and inability to continue his employment under the circumstances;

24. The Defendants displayed an inordinate and deliberate indifference towards Upchurch and he resigned in the Fall of 2017;

25. The Defendants caused extreme emotional distress to Upchurch by violating his rights under the Americans with Disabilities Act and criticizing him to the point of severe mental anguish;

26. The Defendants' actions and inactions caused Upchurch severe humiliation and embarrassment;

27. Upchurch is seeking recovery of actual damages of back pay, front pay, lost income, benefits, compensatory and punitive damages, costs, litigation expenses, and attorney fees;

### COUNT I: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

28. Upchurch restates, reiterates, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 27 above of his Complaint, as if fully set forth herein;

29. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112;

30. Upchurch's condition substantially limited at least one of Upchurch's major life activities, therefore Upchurch, at all times relevant hereto, was and is an individual with a disability under the ADA as a result of a car accident occurring in 2003;

31. Upchurch was fully qualified to continue his employment as a teacher having completed all professional requirements and having substantial experience in the field;

32. Clinton County School District is a covered employer to which the ADA applies;

33. Clinton County School District and its agents, Defendants herein, failed to provide Upchurch with reasonable accommodations related to his disability which would have allowed him to continue his employment and discriminated against him in hiring decisions and practices;

34. As a result of Clinton County Board of Education's actions, Upchurch has suffered and will continue to suffer both economic and non-economic harm;

## COUNT II: RESPONDENT SUPERIOR

35. Upchurch restates, reiterates, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 34 above of his Complaint, as if fully set forth herein;

36. As a supervisory party, employers, including the Defendant Clinton County Board of Education are vicariously liable for the actionable conduct of any subordinates, associates and/or employees named or referenced in this Complaint;

## COUNT III PUNITIVE DAMAGES

37. Upchurch restates, reiterates, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 37 above of his Complaint, as if fully set forth herein.

38. The acts of the Defendant were performed with reckless disregard for the life safety and/or property of the Plaintiff, by reason of which the Plaintiff is entitled to an award of punitive damages;

## COUNT IV OUTRAGE

39. Upchurch restates, reiterates, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 39 above of his Complaint, as if fully set forth herein.

40. The conduct of the Defendants, was so far beyond the bounds of professionalism and decency that it rises to the level of outrageous conduct for which the Plaintiff is entitled to recover not only his compensatory damages previously set forth but also for the intentional infliction of emotional distress as a result of the intentional and negligent outrageous conduct of

the Defendant(s) for which the Plaintiff is also entitled to compensatory damages and punitive damages;

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, Adam Upchurch, respectfully prays for the following relief on its Complaint as follows:

1. Trial by jury;

2. Judgment on all Counts in favor of Upchurch and against Defendants;

3. Judgment in favor of Upchurch's actual, compensatory, incidental, and consequential; as well as punitive damages resulting from Defendants' actions and inactions in the amount of $750,000.00;

4. Judgment in favor of Upchurch for damages for his humiliation and embarrassment, including damages for emotional distress in the amount of $750,000.00;

5. Upchurch be awarded reasonable costs, expenses, and attorney fees;

6. Any and all other legal and/or equitable relief which Upchurch may be entitled, on all issues so triable.

Respectfully Submitted,

/s/ THEODORE H. LAVIT
Theodore H. Lavit
Theodore H. Lavit & Associates, P.S.C
224 North Spalding Avenue – P.O. Box 676
Lebanon, Kentucky 40033
(270) 692-4471