UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00150-GNS

ADAM UPCHURCH                                                                            PLAINTIFF

v.

CLINTON COUNTY BOARD OF EDUCATION et al.                           DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motions to Dismiss (DN 6, 7). The motions are ripe for adjudication. For the following reasons, the motions are **GRANTED**.

### I.     **BACKGROUND**

The actions alleged to have given rise to this case occurred between November 2017 and January 2018. (Compl. ¶ 7, DN 1). Plaintiff Adam Upchurch ("Plaintiff") alleges he was disabled while employed as a teacher at Clinton County Middle School, which is operated by Defendant Clinton County Board of Education ("the Board"). (Compl. ¶¶ 16, 30). Plaintiff claims his coworkers referred to a chair in which he sat during instructional time as "the throne" and referred to Plaintiff's special parking spot in some unspecified derogatory manner. (Compl. ¶ 18). Plaintiff further alleges this conduct was condoned by Clinton County High School Principal Stacey Evans ("Evans"); Clinton County Middle School Principal Angela Sloan ("Sloan"); and Board Superintendent Charlotte Nasief ("Nasief"). (Compl. ¶¶ 3-5, 18).

Plaintiff applied for numerous promotions and was allegedly passed over as a result of his disability. (Compl. ¶ 19). Evans told Plaintiff he was not being promoted because of his disability, and certain unnamed Defendants allegedly said Plaintiff was too sickly for promotion. (Compl. ¶¶ 19-20). Plaintiff does not indicate what positions he applied for, when he applied to them, who

rejected him, or how he was otherwise qualified for the positions. Plaintiff claims Defendants denied him accommodations needed as a result of his disability. (Compl. ¶ 21). Defendants also allegedly forced Plaintiff to work in an increasingly hostile environment, which ultimately resulted in his resignation.[1] (Compl. ¶¶ 22, 24).

Plaintiff asserts claims under the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12101-12213; the Kentucky Civil Rights Act, KRS Chapter 344; and the Kentucky common law tort of the intentional infliction of emotional distress ("IIED"). (Compl. ¶¶ 29-40). Defendants has moved for dismissal of the claims asserted against them pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   JURISDICTION

This action arises under the laws of the United States and the Court has subject matter jurisdiction under 28 U.S.C. § 1331. The Court has supplemental subject matter jurisdiction over Plaintiff's state law claims arising from the same case or controversy pursuant to 28 U.S.C. § 1367(a).

## III.   STANDARD OF REVIEW

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a defendant's motion to dismiss, the Court will "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the

---

[1] Plaintiff claims his resignation occurred in the fall of 2017, but also alleges the events giving rise to the action began in November 2017 and ended in January 2018. (Compl. ¶¶ 7, 24).

2

[plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

## IV. DISCUSSION

### A. ADA & KCRA Claims

In the Complaint, Plaintiff purports to assert disability discrimination claims under both the ADA and the KCRA. (Compl. ¶¶ 13, 28-34). As the Sixth Circuit has noted, "the language of the Kentucky Civil Rights Act mirrors the language of [] the Americans with Disabilities Act . . . ." *Brohm v. JH Props., Inc.*, 149 F.3d 517, 520 (6th Cir. 1998). Accordingly, the analysis of Plaintiff's ADA and KCRA claims are identical and will be considered together.

The Complaint is bereft of nearly any facts to support a disability discrimination claim. A person asserting such a claim must show "that she or he is an individual with a disability . . . ." *Mahon v. Crowell*, 295 F.3d 585, 590 (6th Cir. 2002). Plaintiff, however, states only that he is an individual with a disability resulting from a car accident in 2003. (Compl. ¶ 30). There is no factual basis provided regarding Plaintiff's disabling condition, how it affects him, whether the condition is stable or in flux, what accommodations Plaintiff requires to work or engage in any other activities of daily living, whether the condition results in permanent disability, or whether a qualifying medical professional has diagnosed the disability.

Plaintiff further claims that his disability substantially limits at least one life activity (Compl. ¶ 30), but this statement is merely a recitation of the statutory definition of "disability." 42 U.S.C. § 12102(1)(a) (defining a disability as "a physical or mental impairment that substantially limits one or more major life activities . . . ."). While the standard for establishing a

disability is not intended to be an arduous one at the motion to dismiss phase, something more than a bare assertion of disability is required. *Mullenix v. Eastman Chem. Co.*, 237 F. Supp. 3d 695, 705 (E.D. Tenn. 2017) (citing *Neely v. Benchmark Family Servs.*, 640 F. App'x 429, 433 (6th Cir. 2016)). Plaintiff's allegations of disability, without factual support, does not suffice. *Iqbal*, 556 U.S. at 678.

The Complaint does contain claims regarding a special parking spot and chair that somehow "implicitly and explicitly concern[] his disability." (Compl. ¶ 18). The reference to a chair requires the reader to draw more than a reasonable inference to connect it with a disability, however, as the relevant language states only that Plaintiff's coworkers "creat[ed] a chair identified as 'the throne' where Upchurch was expected to sit during instructional time." (Compl. ¶ 18). Whether this chair was a necessary accommodation, was requested by Plaintiff, or was merely an attempt by Plaintiff's coworkers to brand him as disabled are not explained. Thus, the Complaint fails to establish beyond a bare conclusory assertion that Plaintiff is disabled.

Even if the Complaint contained enough information to warrant an inference regarding an alleged disability, it still fails to state a claim under the ADA or the KCRA. A plaintiff bringing a disability discrimination claim must also show that he was otherwise qualified for his job with or without an accommodation, and the employer either refused a reasonable accommodation or took an adverse employment action against the plaintiff. *Smith v. Ameritech*, 129 F.3d 857, 866 (6th Cir. 1997) (citing *Roush v. Weastec, Inc.*, 96 F.3d 840, 843 (6th Cir. 1996)). Plaintiff has failed to allege any accommodation which was requested or denied. As a result, no reading of the Complaint can support a failure to accommodate claim.

While the Complaint generally alleges Plaintiff was denied promotions for which he was qualified, it fails to specifically identify a single relevant instance. There is no allegation that a

non-disabled person was hired over Plaintiff, only that positions were "held open so that individuals other than Upchurch could apply." (Compl. ¶ 19). Although he does allege Evans purportedly told Plaintiff his disability directly caused him to be passed over for jobs at Clinton County High School, such a vague reference to unnamed positions does not state a claim under the ADA or KCRA. (Compl. ¶ 20). Instead, this allegation falls under the category of statements the Supreme Court has referred to as "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In sum, the Complaint has not sufficiently pleaded any element of an ADA or KCRA claim, and therefore those claims will be dismissed.[2]

### B. IIED Claim

Plaintiff also alleges that Defendants are liable for the tort of IIED.[3] (Compl. ¶¶ 39-40). Kentucky employs a four-part test when analyzing an IIED claim:

1) the wrongdoer's conduct must be intentional or reckless;
2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality;

---

[2] As noted in the caption of the Complaint, Evans, Sloan, and Nasief are sued in both their individual and official capacities. (Compl. 1). The claims asserted against these individual Defendants in their official capacities are duplicative of the claims against their employer—the Board. *See Stanley v. Our Lady of Bellefonte Hosp., Inc.*, No. 11-110-DLB, 2012 WL 4329265, at *5 (E.D. Ky. Sept. 20, 2012) ("Naming a supervisor in his official capacity 'is the equivalent of suing the employer' since the plaintiff can only recover damages from the employer itself."). To the extent that the ADA and KCRA claims are asserted against these individual Defendants in their individual capacities, Plaintiff has failed to state a claim. Discrimination and failure-to-accommodate claims under both the ADA and KCRA only apply to employers, not co-workers. *See Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) ("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases."); *Woodrum v. Lane Bryant The Ltd., Inc.*, 964 F. Supp. 243, 244 (W.D. Ky. 1997) (concluding that supervisors and individual defendants cannot be liable for employment discrimination under KCRA). Therefore, these claims would be dismissed even if the Complaint otherwise stated claims under the ADA or KCRA.

[3] Under Kentucky law, Plaintiff's IIED claim against the Board is subsumed by his KCRA claim, while the IIED claim against the individual Defendants is not. *See Wilson v. Lowe's Home Ctr.*, 75 S.W.3d 229, 239 (Ky. App. 2001).

5

     3)     there must be a causal connection between the wrongdoer's conduct and the emotional distress; and
     4)     the emotional distress must be severe.

*Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004), *overruled on other grounds by Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2014) (citing *Humana of Ky., Inc. v. Seitz*, 796 S.W.2d 1, 2-3 (Ky. 1990)).

It is the Court's duty to assess whether a defendant's conduct rises to the level of outrage necessary for a plaintiff to recover. *Id.* at 788-89. "The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." *Id.* at 789. "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id.*

The alleged conduct in this instance comes nowhere near meeting the threshold for Kentucky's outrage standard. Referring to a person's chair as a throne may be inappropriate, but the following brief list of examples illustrates the type of conduct Kentucky courts have found to constitute outrage: agreeing to care for the plaintiff's prized horses then immediately selling them to a slaughterhouse, *Burgess v. Taylor*, 44 S.W.3d 806, 809-12 (Ky. App. 2001); using one's authority as a Catholic priest to convince a married woman to have an affair, *Osborne v. Payne*, 31 S.W.3d 911, 913 (Ky. 2000); directing racial taunts and slurs toward a coworker on a daily basis for seven years, *Wilson v. Lowe's Home Ctr.*, 75 S.W.3d 229, 238 (Ky. App. 2001); intentionally failing to inform a contractor engaged in duct work that the building he worked in contained asbestos for five months, *Capital Holding Corp. v. Bailey*, 873 S.W.2d 187, 196 (Ky. 1994); and telling a woman who had just miscarried to "shut up" and that the hospital would take care of disposing of the fetus, *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1, 3-4 (Ky. 1990).

The Court concludes that the conduct expressed in the Complaint fits into the category of minor indignities and is not outrageous. Count IV is therefore dismissed.

Having concluded that Plaintiff has failed to state a claim under the ADA and for the tort of IIED, the Court necessarily must dismiss Plaintiff's respondeat superior claim. Counts II and III are therefore dismissed.[4]

## V. CONCLUSION

For the foregoing reasons, it is hereby ordered as follows:

1. Defendants' Motions to Dismiss (DN 6, 7) are **GRANTED**, and Plaintiff's Complaint (DN 1) is **DISMISSED**.

2. This matter shall be stricken from the Court's active docket.

Greg N. Stivers, Chief Judge
United States District Court

July 30, 2019

cc: counsel of record

---

[4] The Complaint further asserts a claim for punitive damages in Count III. Punitive damages are a remedy, however, not a cause of action. *See Brooks v. Lexington-Fayette Urban Cty. Hous. Auth.*, 132 S.W.3d 790, 808 (Ky. 2004); *Ramirez v. Bolster & Jeffries Health Care Grp., LLC*, 277 F. Supp. 3d 889, 896 n.3 (W.D. Ky. 2017).